```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

CANDIDO MARTINEZ,

       Plaintiff,

                              Case No. 8:11-cv-873-T-33EAJ

THE DAVEY TREE EXPERT CO.,

       Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiff's Motion to Remand (Doc. # 3), filed on April 25, 2011. On May 9, 2011, Defendant filed a response in opposition to the motion. (Doc. # 11). Also before this Court is Plaintiff's Motion to Strike (Doc. # 12), filed on May 11, 2011. Defendant filed its response in opposition to that motion (Doc. # 15) on May 25, 2011. For the reasons that follow, the Motion to Remand is granted and the Motion to Strike is denied.

## I. Background

Plaintiff Candido Martinez filed suit in the Circuit Court for Hillsborough County, Florida, on March 29, 2011, alleging age discrimination in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat § 760.01, et seq. Martinez seeks damages in excess of $15,000 in the form of lost wages, benefits and other remuneration; compensatory damages, including emotional distress, allowable by law; and punitive

damages. He also seeks injunctive relief, reinstatement to the position he held before termination, and reasonable attorney's fees and costs.

On April 21, 2011, Defendant The Davey Tree Expert Co. removed this action to federal court. (Doc. # 1). In its Notice of Removal, Davey contends that Martinez would not stipulate that the total amount in controversy is less than the $75,000 jurisdictional minimum. (Id. at ¶ 3). Davey asserts that while economic damages are less than $75,000, damages for emotional distress, compensatory damages and punitive damages could cause the amount in controversy to exceed $75,000. Davey bases this assertion upon jury awards in other cases within the geographic area of the Middle District of Florida. (Id. at ¶ 4).

Martinez filed his Motion to Remand on April 25, 2011. (Doc. # 3). Martinez contends that Davey has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Id. at 1). Specifically, Martinez argues that his Complaint merely alleges damages in excess of the $15,000 jurisdictional limit of the state court, and that Davey did not base its removal on any documentary evidence Martinez provided. (Id. at 3). Further, Martinez

2

argues that Davey may not base removal on compensatory and punitive damages because they are speculative. (Id.).

In its response to the Motion, Davey reasserts that jury awards in similar cases demonstrate that compensatory and punitive damages will exceed $75,000, compounded by the fact that Martinez refused to stipulate that damages did not exceed the jurisdictional amount. (Doc. # 11 at 3-4). Furthermore, Davey argues that lost wages should be calculated from the time of discharge up through the date of trial, and would thus total $48,474 in this case. (Id. at 5). As such, Davey contends, Martinez's "demands for emotional distress and punitive damages need only be roughly $12,500 each in order to meet the $75,000 jurisdictional threshold." (Id.)

Davey bases its lost wages calculation on Martinez's purported annual salary of $21,361.60 as stated in the Affidavit of Susan E. Straub attached as Exhibit 1 to Davey's response. (Id. at 11). That affidavit is the focus of Martinez's Motion to Strike, filed on May 11, 2011. (Doc. # 12). Martinez asserts that the affidavit should be stricken, pursuant to Federal Rule of Civil Procedure 12(f), because it was not part of Davey's initial removal papers. (Id. at 2). Davey counters that Rule 12(f) applies only to pleadings. (Doc. # 15 at 2).

## II. Motion to Remand

A defendant may remove a case filed in state court to federal court if "the district courts of the United States have original jurisdiction." Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing 28 U.S.C. § 1441(a)). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Id. (citing 28 U.S.C. § 1332(a)(1)). In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. Id.

Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant's burden of proof is therefore a heavy one. Id.

In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal. Pease, 6 F. Supp. 2d at 1356. "Where, as

here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Factual allegations supported by evidence can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documents." Id. at 755. Furthermore, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets

5

federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

The Straub affidavit states that Davey paid Martinez a rate of $10.27 per hour. (Doc. # 11 at 11). Davey contends that his lost wages should be calculated from the date of termination through the date of trial, relying for support upon Hendry v. Tampa Ship, LLC, No. 8:10-cv-1849-T-30TGW, 2011 WL 398042 (M.D. Fla. Feb. 4, 2011). Assuming an April 21, 2012, trial date, that results in a lost wage claim of approximately $48,474, according to Davey. (Doc. # 11 at 5).

Although that figure is well below $75,000, Davey asserts that compensatory and punitive damages will easily bring the amount in controversy over the jurisdictional minimum. (Id.). In support, Davey cites three age discrimination cases decided in state courts within this Court's geography. (Id. at 3-4). In each of these cases, the jury awarded the plaintiff damages for emotional distress that met or exceeded the $75,000 minimum. (Id.). Davey further asserts that Martinez's refusal to stipulate as to damages and his prayer for attorney's fees adds weight to the argument that the amount in controversy requirement has been met. (Id. at 4-5).

Martinez contends that compensatory and punitive damages are too speculative to serve as a basis for removal. (Doc. #

6

3 at 3). In support, Martinez relies upon a number of cases from the Middle District of Florida as well as <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184 (11th Cir. 2007) – which, prior to <u>Pretka</u>, frequently served as the basis for the remand analysis. Davey rightly explains that <u>Pretka</u> "provided a thorough explanation and pointed criticism of <u>Lowery</u>," clarifying the types of evidence and inferences that a District Court may apply. (Doc. # 11 at 7). Davey further contends that <u>Roe</u> rejects the notion that non-economic damages are speculative; indeed, the <u>Roe</u> court denied remand based solely upon punitive damages. (<u>Id.</u> at 7-8).

Still, a defendant must prove that the amount in controversy "more likely than not" exceeds $75,000. <u>Roe</u>, 613 F.3d at 1061. Accepting Davey's estimation of economic damages in this matter, a minimum of approximately $26,526 in non-economic damages would be required to reach $75,000. The Florida District Court of Appeal for the Second District recently stated that "in a 'typical' age discrimination case, where a plaintiff experiences no physical injury and presents no medical or psychological evidence of emotional pain and suffering, non-economic damages should not exceed the $5,000 to $30,000 range." <u>Ernie Haire Ford, Inc. v. Atkinson</u>, 64 So. 3d 131, 132 (Fla. 2d DCA 2011). Nothing in the record suggests

7

that this is an atypical case. Thus, the minimum amount of non-economic damages needed to reach the jurisdictional threshold is in the upper end of the spectrum of awards. The fact that Martinez has not stipulated as to damages below the jurisdictional amount deserve some weight but it is not dispositive.[1] Alshakanbeh v. Food Lion, LLC, No. 3:06-cv-1094-J-12HTS, 2007 WL 917354 at *2 (M.D. Fla. Mar. 23, 2007).

Exercising its judicial experience and common sense, and resolving all uncertainties in favor of remand, the Court finds that Davey has not met its burden of establishing that the amount in controversy exceeds the jurisdictional minimum. Therefore, the Court grants the Motion to Remand.

### III. **Motion to Strike**

Federal Rule of Civil Procedure 12(f), provides that upon motion by a party or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Martinez asserts that the Affidavit of Susan E. Straub should be stricken because it was not part of Davey's

---

[1] Court costs cannot be added into the amount in controversy and, under FCRA, attorney's fees are awarded as part of those costs. Fusco v. Victoria's Secret Stores, LLC, No. 6:11-cv-989-Orl-22DAB, Dkt. 17 at 8 n.2 (M.D. Fla. Aug. 18, 2011) (citing Fla. Stat. § 760.11). Thus, Martinez's prayer for attorney's fees is not included in this calculus.

8

initial removal papers. (Doc. # 12 at 2). However, "motions to strike are only appropriately addressed towards matters contained in the pleadings." Polite v. Dougherty Co. Sch. Sys., 314 Fed. Appx. 180, 184 n.7 (11th Cir. 2008). Here, the Straub affidavit was submitted with Davey's response to Martinez's Motion to Remand, not in a pleading. Therefore, the Court denies the Motion to Strike.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED**:

(1)  Plaintiff's Motion to Remand (Doc. # 3) is **GRANTED**.

(2)  The Clerk is directed to **REMAND** this case to the Circuit Court in and for Hillsborough County, Florida. Thereafter, the Clerk shall close the case.

(3)  Plaintiff's Motion to Strike (Doc. # 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of August 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record